[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a limited contested dissolution of marriage matter in which both parties are represented by counsel. The major issue, between them is the division of marital assets. The Court is mindful of and gives consideration to the requirements of Connecticut General Statutes 46b-81. The Court makes the following findings and enters orders as follows:
The parties were intermarried on June 26, 1982 in Granby, Connecticut and the plaintiff has lived within this state for at least twelve months next preceding the filing of the complaint in this matter. There are no minor children issue of the marriage and neither party is receiving state or local governmental support.
It is undisputed that the marriage has broken down irretrievably and there is no expectation of reconciliation. Accordingly, the marriage is ordered dissolved on said grounds.
This is the second marriage for each of the parties and each has two children of their previous marriages. The parties lived together from 1979 until they married in 1982. In 1984 the defendant's mother, Harriet Percoski, conveyed a parcel of land known as 503 Somers Road, Ellington, Connecticut to the parties jointly. This parcel consisting of approximately 108 acres had been in the Percoski family for many years and was willed to Harriet by Harriet's sister, Mary. At the time it was conveyed to the parties it contained an old house which was barely habitable CT Page 10038 and at this time is not habitable.
The parties moved into the old house with the intention of building a new home on the property. They borrowed $100,000.00 and utilized savings of approximately $40,000.00, and in 1986 began construction of the new home. In 1988 they moved into the new home although it was not complete and without a certificate of occupancy, which has not yet been obtained. The parties both worked on the construction spending almost all of their free time in the effort. The wife had some $11,000.00 and the husband had some $15,000.00 in funds at the time. The wife saved approximately $1,000.00 per month (both worked) to come up with the $40,000.00 needed in addition to the mortgage.
The marriage became discordant once they moved into the new house. The husband stated he did not like the house, and disagreements became common. The wife suspected an affair and marital relations ceased although they continued to live together. In June 1992, the wife found nude photographs of the husband's ex-wife as well as of herself in his briefcase, although he had earlier told her he would destroy them. Also included in the stack of some 100 such photographs was a picture of the approximately thirteen year old daughter of Mrs. Percoski in a bikini. (The husband explained that nude photographs were in the nature of a hobby). The husband had on an earlier occasion walked into the bathroom while the child was showering. According to the testimony, it was impossible to not realize that she was in the shower. The incident with the photographs prompted the wife to order the husband out (defendant's exhibit 2) and they have lived apart since June 1992.
The husband's hostile behavior and his apparent prurient "hobby" were major contributing factors in the breakdown of this marriage.
The wife has been living exclusively in the jointly owned home since June 1992 and since that time has been responsible for the mortgage and upkeep. The Court finds the fair market value of the house, outbuildings and a five acre lot to be $190,000.00. The mortgage balance is $85,000.00, the net equity is approximately $105,000.00. The Court finds that the wife should have the house. She has contributed at least equally to its acquisition and has a far greater desire to reside there than does the husband.
Therefore the Court orders that: CT Page 10039
1. Real Property.
The defendant husband shall quitclaim to the plaintiff wife five (5) acres of 503 Somers Road, Ellington, Connecticut within two weeks from the date of dissolution. The plaintiff wife shall quitclaim to the defendant husband the remaining 103 acres within the same time period. Said lot shall include the new house, old house, barn, pasture, pond, riding ring, driveway with all utilities to be contained on the property and no right of ways or easements crossing the property, as mapped out by Mr. Schindler.
The plaintiff wife shall indemnify and hold the defendant husband harmless from any and all claims and demands of every kind arising out of or in connection with the above 5 acre parcel.
The plaintiff wife shall be solely responsible for the certificate of occupancy, surveying the five (5) acres and hiring an attorney to obtain subdivision approval. The defendant shall be solely responsible for the cost of surveying the remaining 103 acres. The parties shall cooperate with each other and seek to obtain subdivision approval immediately.
The plaintiff wife shall seek to refinance said mortgage. immediately in order to allow the defendant husband's 103 acres to be unencumbered. All costs-related to said refinancing shall be the sole responsibility of the plaintiff wife.
The wife has paid approximately $27,000.00 in mortgages, taxes and insurance since the husband vacated. She will bear the cost of making repairs needed to obtain a certificate of occupancy approximately $12,000.00. She will bear the cost of demolishing the old house on the lot — approximately $6,800.00. She will bear the cost of obtaining subdivision approval and the cost of refinancing the mortgage.
These considerations, together with the foregoing reason for the breakdown leads the Court to conclude that the wife shall not be required to make any payment to Mr. Percoski as part of this settlement order.
This order allows the husband access to the 103 acres over a right of way on the southerly portion of the property which, according to expert testimony, provides better access than the right of way on the northern portion (which would have to be shared CT Page 10040 in common with the wife).
2. Alimony.
Neither party shall pay alimony to the other.
3. Personal Property/Assets.
The parties have divided all personal property to their mutual satisfaction. Each party shall maintain ownership and possession of those assets in their possession.
4. Maiden Name.
The plaintiff wife shall have her maiden name of Beale restored.
5. Debts.
Each party shall be responsible for debts shown on their financial affidavits.
6. Other.
Each party shall retain the remaining assets listed in their respective financial affidavits.
Klaczak, J.